# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge If Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 97 C 742 | **DATE** | 12/16/2003 |
| **CASE TITLE** | Estate of Tammy Wright vs. Touhy, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Plaintiff's Motion to Vacate is granted. The order of November 3, 2003 [230-1] is hereby vacated, and this Memorandum Opinion and Order is entered in lieu thereof. Plaintiff's Motion for Reconsideration [235-1] is denied. Plaintiff's Motion for Reconsideration [228-1] is also denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| ___ No notices required, advised in open court. | |
| ___ No notices required. | number of notices |
| ✓ Notices mailed by judge's staff. | DEC 17 2003 |
| ___ Notified counsel by telephone. | date docketed |
| ___ Docketing to mail notices. | docketing deputy initials |
| ___ Mail AO 450 form. | 12/16/2003 date mailed notice |
| ✓ Copy to judge/magistrate judge. | |
| GR courtroom deputy's initials | GR mailing deputy initials |

FILED
03 DEC 16 AM 3: 30
CLERK U.S. DISTRICT COURT
Date/time received in central Clerk's Office

Document Number 244

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TAMMY WRIGHT,             )
        Plaintiff,      )    **Cause No. 97 C 742**
                   )
     v.              )    **Judge Joan Humphrey Lefkow**
                   )    **Magistrate Judge Geraldine Soat Brown**
TIMOTHY J. TOUHY, et al.,   )
        Defendants.   )

## MEMORANDUM OPINION AND ORDER



DOCKETED
DEC 17 2003

Geraldine Soat Brown, United States Magistrate Judge

This case comes to be heard on Plaintiff's Motion for Reconsideration [dkt 235] and Plaintiff's Motion to Vacate. [Dkt 236.] For the reasons set forth below, the Motion to Vacate is granted; however, Plaintiff's motions for reconsideration are denied.

### Plaintiff's Motion to Vacate the Court's November 3, 2003 Order

On September 8, 2003, this court entered an order granting in part and denying in part the Touhy Defendants' Motion to Compel Plaintiffs to Produce Legal Bills and Time Records, to Bar Plaintiffs from Seeking Damages based on Monies Paid to Donald Byrk, and for Issuance of Rule to Show Cause ("the Touhy Defendants' Motion to Compel"). [Dkt 190, 207.] Plaintiff filed a Motion for Reconsideration of certain parts of this ruling on October 24, 2003. [Dkt 228.] On November 3, 2003, this court denied Plaintiff's Motion for Reconsideration because Plaintiff failed to set forth any information meeting the narrow confines of Federal Rule of Civil Procedure 60(b),

1

244

which addresses motions to reconsider served more than ten days after judgment. [Dkt 230.] Plaintiff then filed a Motion to Vacate [dkt 236], claiming that the court erred when it found that Plaintiff filed its Motion for Reconsideration more than ten days after the court's ruling.

The court will not enumerate all of the ineffective attempts Plaintiff made at filing a motion for reconsideration, but it will note that the copy of the motion attached to Plaintiff's Motion to Vacate was not file-stamped as received by the Clerk's office nor is there a certificate of service attached.[1] In fact, the court's docket does not reflect that any motion for reconsideration was filed by Plaintiff in September 2003.[2] The only motion for reconsideration filed by Plaintiff regarding the September 8, 2003 order was filed on October 24, 2003. For the procedural reason stated below, the Motion to Vacate is granted. However, the result with respect to Plaintiff's motion for reconsideration of the September 8, 2003 order is the same.

The September 8, 2003 order is an interlocutory order. Fed. R. Civ. P. 54(b) provides that an interlocutory order is "subject to revision at any time" before entry of the final order. In contrast, Rule 59(e) authorizes motions to alter or amend a judgment and requires that a motion seeking such relief be filed within ten days of the entry of the judgment. Rule 60(b) addresses motions seeking relief from a "final judgment, order or proceeding." The Federal Rules of Civil Procedure do not expressly provide a procedure for requesting reconsideration of an interlocutory order. *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Ill. Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987). The

---

[1] There is also no indication in any paper filed by Plaintiff that the defendants were served with copies of the motion on September 18, 2003.

[2] Plaintiff filed a notice and an amended notice of a motion for reconsideration in early October, but these filings were stricken for failure to comply with Local Rule 5.3. [Dkt 214, 216, 217.]

absence of any explicit procedure has led some courts to look to Rules 59 and 60 for standards applicable to motions for reconsideration of an interlocutory order. *See, e.g., Winn v. Symons Intl. Group, Inc.*, No. IP 00-0310-C-B/S, 2002 WL 826356 at *1 (S.D. Ind. May 1, 2002) (Barker, J.). Other courts have applied a broader standard. *See, e.g., Denson v. Northeast Ill. Regl. Commuter R.R. Corp.*, No. 00 C 2984, 2002 WL 745797 at *1 (N.D. Ill. 2002) (Hart, J.). However, even under the broader standard, the purpose of a motion for reconsideration is not to rehash old arguments or raise new legal theories. In the interest of the orderly administration of justice, courts are reluctant to reconsider issues once decided. *Urologix, Inc. v. Prostalund AB*, 256 F. Supp. 2d 911, 914 (E.D. Wis. 2003). Reconsideration of an interlocutory order is appropriate where the motion for reconsideration demonstrates that the prior decision is clearly erroneous and would work a manifest injustice, as where the applicable law or the known facts have changed since the decision. *Id.; Natl. Union Fire Ins. Co.*, 116 F.R.D. at 253.

Thus, the order denying Plaintiff's motion for reconsideration of the September 8, 2003, which reviewed Plaintiff's motion under the standards of Rule 60(b), was incorrect and Plaintiff's Motion to Vacate that order is granted. The court will consider the Plaintiff's Motion for Reconsideration of the September 8, 2003 order under the standard set out above. Under that standard, there is no reason to reconsider the order of September 8, 2003. In its October 24, 2003 Motion for Reconsideration, Plaintiff simply reasserted several arguments already considered and rejected.

Furthermore, in light of recent reports from counsel, the consequences of certain portions of the September 8, 2003 order have been greatly reduced. Based on the reports of counsel at subsequent status hearings, it is the court's understanding that the documents relating to Dr. Evan's

treatment of Tammy Wright have already been produced, the resumed depositions of Tammy and Ernest Wright for purposes of asking questions regarding Dr. Evan's medical records will be conducted via telephone, and the defendants have decided not to seek a resumed independent medical examination of Tammy. Therefore, many of the arguments in Plaintiff's Motion for Reconsideration are moot. There is no reason to reconsider the September 8, 2003 order, and Plaintiff's Motion for Reconsideration is denied.

### Plaintiff's Motion for Reconsideration of the Court's October 27, 2003 Order

On August 5, 2003, the Touhy Defendants filed a Motion to Strike Plaintiff's Supplemental Answers to Interrogatories ("Motion to Strike"). [Dkt 199.] On October 27, 2003, this court entered an order granting the Motion to Strike in part and denying the Motion in part. [Dkt 226.] On November 6, 2003, Plaintiff filed a Motion for Reconsideration ("Motion for Reconsideration") of the portion of the October 27, 2003 order granting the Motion to Strike.[3] [Dkt 235.] Plaintiff's Motion for Reconsideration of that October 27, 2003 order is also denied for the reasons set forth below.

In its Motion for Reconsideration, Plaintiff claims that the court, in its October 27, 2003 ruling, "erred and misapplied the law to the facts." (Pl.'s Mot. ¶ 2.) Specifically, Plaintiff asserts that the court erred by: (1) barring Plaintiff from presenting John Garafolo for testimony at trial; (2) barring Plaintiff from presenting C.N. Mac Kinnon, Michael H. Mach, James E. Strand, Anthony L. Onstad or Terry Kreitz for testimony at trial unless they are brought to Chicago for deposition

---

[3] Plaintiff also filed a Memorandum in Support of its Motion for Reconsideration on November 21, 2003. [Dkt 237.]

prior to January 15, 2004; and (3) assessing attorney's fees against the attorney for Plaintiff. (Pl.'s Mem. ¶¶ 2-3.) However, since none of Plaintiff's arguments demonstrate that the October 27, 2003 order is clearly erroneous and would work a manifest injustice, reconsideration is denied.

### 1. *Barring John Garafolo from Testifying at Trial*

The court barred Mr. Garafolo from testifying at trial because Plaintiff, who admittedly knew of Mr. Garafolo's existence and role in the underlying personal injury case since the early 1990s, did not disclose Mr. Garafolo until July 2003 – just a few days before the close of fact discovery. (October 27, 2003 Order at 14.) The court also noted that Plaintiff's counsel, who admitted that he spoke with Mr. Garafolo in 1993, patently failed to investigate and waited five years to add Mr. Garafolo to Plaintiff's answer to Interrogatory No. 7. (*Id.*)

In its Motion for Reconsideration, Plaintiff claims that the court's reasoning with respect to its ruling on Mr. Garafolo, was "flawed" because the conversation between Plaintiff's counsel and Mr. Garafolo took place "long before this litigation was even contemplated, and almost four years before this case was actually filed." (Pl.'s Mem. ¶ 6) (emphases omitted). Plaintiff's argument not only fails to cite a proper basis for seeking reconsideration on this point, but it also misses the mark. The court does not have an issue with the timing of Plaintiff's conversation with Mr. Garafolo or what took place in 1993; rather, the court takes issue with what Plaintiff failed to do from August 1998 to July 2003 – *i.e.*, name Mr. Garafolo as an individual with knowledge of the allegations contained in Plaintiff's Amended Complaint. Plaintiff's failure is particularly apparent in light of then-Magistrate Judge Pallmeyer's August 28, 1998 order (which specifically ordered Plaintiff to "identify all individuals with knowledge concerning the incident giving rise to this law suit") and

5

September 9, 1998 order (which ordered Plaintiff to respond again to the Touhy Defendants' interrogatories). The fact that "it did not occur to [Plaintiff's counsel, Mr. Speck] that the question of when or whether Mr. Garafolo... had asked for a medical examination of Tammy would be an issue" (Pl.'s Mem. ¶ 7), is wholly irrelevant to the finding that Plaintiff knew about Mr. Garafolo and his knowledge about the underlying case at the time Plaintiff made its interrogatory answers back in 1998, yet it did not disclose Mr. Garafolo until July 2003, when it determined that Mr. Garafolo had information that Plaintiff might want to use in its case.

Plaintiff also states that it would be "prejudic[ed]" if Mr. Garafolo is barred from being called as a witness. (Pl.'s Mem. ¶ 9.) However, Plaintiff fails to identify any specific prejudice it would suffer if Mr. Garafolo is not permitted to testify. On the other hand, the prejudice to the defendants and the potential disruption of the progress of this case are apparent. The defendants were not provided Mr. Garafolo's name or the nature of the information he possessed during the *years* in which discovery has been proceeding in this case, and, as a result, they did not depose Mr. Garafolo and explore the extent of his knowledge. Even if the Touhy Defendants had knowledge of Mr. Garafolo prior to July 2003, as Plaintiff suggests, there is no question that the Touhy Defendants were denied adequate notice that Plaintiff might present Mr. Garafolo's testimony at trial. As stated in the court's October 27, 2003 order, "the discovery process is the principal means by which lawyers and parties assemble the facts, and decide what information to present at trial" (quoting *Danis v. USN Communs., Inc.*, No. 98 C 7482, 2000 WL 1694325 at *1 (N.D. Ill. Oct. 23, 2000) (Schenkier, M.J.)). When one party ignores the discovery rules and discloses information at its whim, the other party is prevented from adequately and effectively preparing its case.

Plaintiff claims, in the alternative, that it should be allowed to call Mr. Garafolo "as a rebuttal

6

witness, should Mr. Touhy's testimony 'shift' again." (Pl.'s Mem. ¶ 11.) However, this argument is purely speculative. Unlike some of the other witnesses disclosed in Plaintiff's July 2003 answers, Plaintiff has not identified any portion of Mr. Touhy's deposition testimony that requires rebuttal by Mr. Garafolo. Furthermore, if Mr. Touhy changes his testimony at trial, Plaintiff is entitled to impeach Mr. Touhy with his deposition testimony. There is no need to call Mr. Garafolo for that purpose.

2.  *Requiring Plaintiff to Transport Non-Parties to Chicago for Depositions*

Plaintiff claims that, "[a]fter detailed inquiry, [its] counsel has yet to receive 'official' approval of the transport of [the border officials] to Chicago for deposition at the expense of one or more governmental entity from Canada." (Pl.'s Mem. ¶ 12.) Thus, Plaintiff argues, the court's ruling on this issue "might subject Plaintiff to a large expenditure of funds that ... are not justified." (Pl.'s Mem. ¶ 13.) First, that is not a proper ground on which a party can seek reconsideration. Second, the fact that Plaintiff may spend a significant amount of money to bring its own witnesses to Chicago because it did not disclose these individuals during the discovery period is not unjustified. Having not taken the witnesses' depositions during discovery, the only way Plaintiff can present their testimony is by bringing them to Chicago. The order simply moves up the timing of that event.

Plaintiff claims that the Touhy Defendants could have taken the depositions of these individuals via telephone (like Ms. Sicotte), but "made a strategic decision not to pursue it." (Pl.'s Mem. ¶ 15.) However, the Touhy Defendants can hardly be criticized for not taking the depositions of individuals who had never been disclosed by Plaintiff. Plaintiff made a strategic decision (or, more accurately, failed to make a strategic decision) in response to the Touhy Defendants'

7

interrogatories and, more significantly, in response to Judge Pallmeyer's discovery orders. Plaintiff cannot now claim the consequences of that strategic decision are unjustified.

### 3.    *Attorney's Fees Paid by Mr. Speck*

Plaintiff further claims that there was "no disobeyance of [c]ourt [o]rders or discovery rules"and thus there were "no grounds" upon which the court should have awarded attorneys' fees. (Pl.'s Mem. ¶ 21.) However, the court's October 27, 2003 order was specific as to the various grounds upon which attorneys' fees were awarded.

Plaintiff argues, as it did in its response to the Motion to Strike, that its attorney had been "misinformed" that the situation at the border was a "brief encounter," and that when he discovered during a discovery deposition that the encounter was actually "seven hours in length," he acted immediately and appropriately and supplemented Plaintiff's answer to the Touhy Defendants' interrogatory. (Pl.'s Mem. ¶¶ 19-20.) Again, however, Plaintiff misses the mark. The length of the encounter at the border is irrelevant to the court's findings on this issue. Plaintiff knew, when it filed the present lawsuit, that some type of confrontation took place at the U.S.-Canadian border on February 3, 1992. *See* Pl.'s First Am. Compl. ¶ 16(e). At that point, Plaintiff had a duty to investigate who was present and what transpired at the border on that day. Yet, over the course of five years, Plaintiff's counsel admittedly failed to make any such inquiries. The fact that Plaintiff determined, at a much later date, that these individuals may have information important to its case is not the issue.

In short, attorneys' fees were awarded because Mr. Speck failed to take appropriate actions under the Federal Rules of Civil Procedure and in the face of express court orders. The Touhy

Defendants should not have to bear the costs of preparing and filing their motions when the rules and orders required Plaintiff to act. For all of these reasons, Plaintiff's Motion for Reconsideration is denied.

## Considerations with Respect to Both Motions

The previous rulings regarding the Touhy Defendants' motions reflected this court's effort to balance, on one hand, the defendants' right to a proper discovery process under the Federal Rules of Civil Procedure and enforcement of the orders of the judges who have supervised discovery in this case, against, on the other hand, a reluctance to eviscerate Plaintiff's case because of the missteps of counsel. In each of the instances in which attorneys' fees were awarded, a prior order (or orders) had been entered by a magistrate judge of this Court. Apparently Plaintiff and its counsel failed to appreciate the significance of the orders; however, Fed. R. Civ. P. 37(b) directs that the Touhy defendants should not have to bear the expense of enforcing those orders. Plaintiff has not presented a reason to reconsider the rulings under any applicable standard.

## Conclusion

Accordingly, for the reasons set out herein, Plaintiff's Motion to Vacate is granted. The order of November 3, 2003 [dkt 230] is hereby vacated, and this Memorandum Opinion and Order is entered in lieu thereof. Plaintiff's Motion for Reconsideration [dkt 235] is denied. Plaintiff's Motion for Reconsideration [dkt 228] is also denied.

9

IT IS SO ORDERED.


Geraldine Soat Brown
United States Magistrate Judge

December 16, 2003

10